UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEAN WANTO JOURDAIN,
    Plaintiff,

v.                                                    Case No.:

JOHN H. WOLF ENTERPRISES, INC.,
d/b/a WOLFY'S RESTAURANT and
JOHN H. WOLF
    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, JEAN WANTO JOURDAIN, by and through his undersigned counsel, and sues the Defendants, JOHN H. WOLF ENTERPRISES, INC., dba WOLFY'S RESTAURANT, and JOHN H. WOLF and alleges as follows:

**JURISDICTION AND VENUE**

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") and other causes of actions to recover unpaid back wages, an additional equal amount as liquidated damages, pre-judgment interest, and reasonable attorney's fees and costs.

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216 and 28 USC §1331.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1331(b) as the events or omissions having rise to the claims alleged herein occurred in the Middle District of Florida, Ocala, Division.

## PARTIES

4. At all times material hereto, Plaintiff, JEAN WANTO JOURDAIN, was, and continues to be a resident of Marion County, Florida.

5. At all times material hereto Defendants JOHN H. WOLF ENTERPRISES, INC., dba WOLFY'S RESTAURANT, was, and continues to be a Florida corporation in the retail business. Further, at all times material hereto, Defendants JOHN H. WOLF ENTERPRISES, INC., dba WOLFY'S RESTAURANT, was, and continues to be, engaged in business in Marion County, Florida.

6. At all times material hereto, JOHN H. WOLF was an officer and owner of JOHN H. WOLF ENTERPRISES, INC., dba WOLFY'S RESTAURANT and at all times material acted directly in the interest of JOHN H. WOLF ENTERPRISES, INC., dba WOLFY'S RESTAURANT in relation to Plaintiff's employment by setting Plaintiff's work hours, set Plaintiff's rate of pay, as well as exercised significant control over the company's day-to-day operations and is employer as defined by 29 USC§203(d).

7. Defendants were and continues to be, "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, Plaintiff is an "employee" of Defendants within the meaning of FLSA.

9. At all times material hereto, Plaintiff was a covered, non-exempt employee of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e).

10. At all times material hereto, Defendants was an "employer" within the meaning of FLSA, 29 U.S.C. §203(a) and (d).

11. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA. Based upon information and belief, the annual gross revenue of Defendant, JOHN H. WOLF ENTERPRISES, INC., dba WOLFY'S RESTAURANT, was in excess of $500,000.00 per annum during the relevant time periods.

12. The work performed by the Plaintiff was directly essential to the business performed by Defendants.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived. On or about July 26, 2021, Plaintiff provided Defendants with written notice of the violations including pre-and post-shift labor, which Plaintiff was not properly compensated.

## STATEMENT OF FACTS

14. Plaintiff, JEAN WANTO JOURDAIN, was hired by Defendants as a cook. Plaintiff's duties primarily involved the ordering, preparation, and cooking of food for Defendants' customers in a restaurant.

15. For 12 years, Plaintiff worked for Defendants as "non-exempt" employee under the FLSA and Plaintiff's current is paid an hourly rate of $16.00 per hour.

16. Additionally, Plaintiff worked for Defendants but did not receive pay at the rate of at least one and one-half times for all his regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

17. All records concerning the number of hours actually worked by Plaintiff, are in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiff is unable to state at this time the exact amount due them.

18. Plaintiff, however, will exert his collective diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

19. Plaintiff has retained the undersigned attorney and is obligated to pay undersigned a reasonable fee for her services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## OVERTIME COMPENSATION

20. Plaintiff re-alleges and reavers paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. From at least January 2019, and continuing through on or about August 2021, Plaintiff worked in excess of the forty (40) hours per week, for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

22. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

23. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

24. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

25. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered

and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

26. Defendants' agent(s) were aware Plaintiff routinely worked beyond the bounds of his regular schedule, but refused to regularly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

27. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

28. Plaintiff, by and through counsel, communicated in writing to Defendants and demanded proper compensation of overtime from Defendants prior to commencing this case with no success.

WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor against Defendants:

    a. Declaring the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due them for Plaintiffs' time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees, post judgment interest, and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);and

    e. Ordering any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, JEAN WANTO JOURDAIN, demands trial by jury of all issues triable as of right by a jury.

Date: 9/15/2021

Respectfully submitted,
**RIGGINS LAW FIRM, P.A.**

_____
**DANIALLE RIGGINS, ESQ.**
Florida Bar No. 0013909
211 NW Third Street
Ocala, Florida 34471
(352) 433-2400 – Office
Service@Rigginslawfirm.com
Attorney for Plaintiff