UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JEAN WANTO JOURDAIN,**

 **Plaintiff,**

v.                 Case No: 5:21-cv-467-JSM-PRL

**JOHN H. WOLF ENTERPRISES, INC.
and JOHN H WOLF,**

 **Defendants.**

### ORDER

Before the court is a motion for clerk's default against John H. Wolf and John H. Wolf Enterprises, Inc. (Doc. 8). The same day the motion was filed. John H. Wolf, proceeding *pro se*, filed an answer. (Doc. 9). Therefore, the motion for clerk's default against John H. Wolf is due to be denied in light of his answer to the complaint.

However, a *pro se* party cannot represent a corporation. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("[A] a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and **must be represented by counsel**."). Therefore, the answer filed by Mr. Wolf is only made on behalf of himself, as he cannot represent his business John H. Wolf Enterprises, Inc.

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Before a clerk's default can be entered, the serving party must establish that the defaulting party was properly served. *Laing v. Cordi*, III, No. 2:11cv-566-FtM-29SPC, 2012 WL 4828312 at *1

(M.D. Fla. Oct. 10, 2012); *Manheim Automotive Fin., Servs., Inc. v. Information Matrix Tech., Inc.*, No. 2:12-cv-360-FtM-29-SPC, 2012 WL 3947207 at *1 (M.D. Fla. Sept. 10, 2012).

A plaintiff may serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A). Under Florida law, a corporation may be served on a designated agent. Fla. Stat. § 48.081(3)(a). Here, Plaintiff served John H. Wolf Enterprises, Inc. through its owner, John H. Wolf on September 28, 2021. (Doc. 6).

Because John H. Wolf Enterprises, Inc. was properly served on September 28, 2021, and to date, has not filed or served a responsive pleading, Plaintiff's motion for entry of clerk's default (Doc. 8) is due to be granted in part. The Clerk is directed to enter default against Defendant John H. Wolf Enterprises, Inc.

Further, Mr. Wolf is advised that he cannot represent John H. Wolf Enterprises, Inc. in this proceeding. The corporate defendant must be represented by an attorney. If Mr. Wolf intends to represent himself, he is cautioned that despite proceeding *pro se* (i.e., without an attorney), he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Mr. Wolf may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Mr. Wolf should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

- 3 -

**DONE** and **ORDERED** in Ocala, Florida on October 28, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties